Matter of Lajuan M. v Administration for Children's Servs. (2023 NY Slip Op 04932)

Matter of Lajuan M. v Administration for Children's Servs.

2023 NY Slip Op 04932

Decided on October 03, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2023

Before: Oing, J.P., Friedman, Kennedy, Shulman, Pitt-Burke, JJ. 

Docket No. G-17307-22 Appeal No. 687 Case No. 2022-04932 

[*1]In the Matter of Lajuan M., Petitioner-Appellant,
v
Administration for Children's Services, et al., Respondents-Respondents.

Carol L. Kahn, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for Administration for Children's Services, respondent.
Dawne Mitchell, The Legal Aid Society, New York (Marcia Egger of counsel), attorney for the child.

Order, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about October 19, 2022, which dismissed, with prejudice, the petition for guardianship brought under article 6 of the Family Court Act, unanimously affirmed, without costs.
Family Court properly dismissed the petitioner's request for custody of the subject child. Petitioner lacked standing to bring a guardianship petition because the child had already been placed in the care and custody of the Commissioner of Social Services for the purpose of adoption (see Matter of Roslyn J. v Charise J., 205 AD3d 480, 480 [1st Dept 2022]; Matter of Carmen P. v Administration for Children's Servs., 149 AD3d 577, 577 [1st Dept 2017]).
Petitioner has failed to preserve her argument that Family Court should have sua sponte converted her guardianship petition into a petition for adoption in accordance with CPLR 103, and we decline to review it in the interest of justice. Were we to review the argument, we would find that the Administration for Children's Services (ACS) opposed adoption by petitioner, which would have left Family Court without the authority to entertain an adoption petition (see Family Ct Act §§ 111-112, 113[2]; Matter of Yary, 100 AD3d 200, 205-206 [1st Dept 2012], lv denied 20 NY3d 1006 [2013]).
Petitioner was not deprived of due process. ACS notified her of her right to seek a fair hearing and her right to pursue an article 78 proceeding, and petitioner has failed to demonstrate ACS's notification was inadequate. Nor was ACS required to provide petitioner with legal advice on the possible ramifications of her decision to forego administrative remedies to challenge the child's removal and on how to regain custody, especially since petitioner was represented by counsel.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2023